**Karl SCHMIDT, Appellant,**

**(Elaine Schmidt, Guardian)**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–174.**

United States Court of Veterans Appeals.

April 21, 1993.

Elaine Schmidt for Karl Schmidt, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the brief, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Karl Schmidt, appeals an October 10, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which determined "new and material" evidence had not been submitted to reopen appellant's claim for entitlement to an earlier effective date for the grant of service connection for schizophrenia.

## BACKGROUND

Appellant had active service from September 1976 to April 1978. On January 3, 1977, he received a follow-up evaluation relating to his general dissatisfaction with service. The examining psychologist determined that appellant was mildly agitated and despondent, but that there was no evidence of psychosis, or other psychological disorder. In early 1978, appellant was examined by both civilian and military mental health experts. In a letter dated February 10, 1978, O. Kenneth Alford, a private psychologist, stated that appellant "may be a latent paranoid-schizophrenic." Appellant's commanding officer ordered further psychological evaluations after a series of unexcused absences. In a March 1978 psychiatric evaluation by a Navy psychiatrist, appellant was diagnosed with "mixed personality disorder with immature, passive-aggressive[,] passive-dependent, and paranoid and schizoid traits (Borderline personality) in moderate situational stress." The Navy psychiatrist recommended appellant be given an administrative discharge, as there were no psychiatric, or other medical grounds, to warrant separation from service.

On March 17, 1981, appellant applied for compensation or pension for a personality disorder. In November 1981, the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office (RO) denied appellant's claim for a personality disorder because there was no evidence of psychosis, and personality disorders are not classified as disabilities according to the laws under which VA benefits are paid. Evidence submitted to and considered by the 1981 rating board consisted of appellant's service medical records, and Dr. Alford's evaluation. Unknown to the 1981 rating board, appellant had been admitted, with a diagnosis of paranoid schizophrenia, to the VA Medical Center (VAMC) in Denver, Colorado, on September 15, 1981.

In December 1983, appellant was admitted to the Fort Logan Mental Health Center, a private medical facility, for a court-ordered mental status examination. He was discharged in March 1984, with the diagnosis of paranoid schizophrenia. Appellant submitted his hospital records from the Fort Logan Mental Health Center to the VARO shortly after being discharged. In May 1984, the VARO informed him that the 1981 rating decision had not been appealed and had become final. In August 1984, appellant was readmitted to the Fort Logan Mental Health Center with a diagnosis of schizophrenia. Appellant submitted a Statement in Support of Claim setting forth a claim for service connection for schizophrenia in November 1984. In January 1985, the VARO denied appellant's claim, after reviewing the evidence submitted to the 1981 rating board and additional evidence submitted by appellant, including his 1981 hospitalization at the Denver VAMC, on the basis that there was no evidence of a psychosis in service or within

the one-year presumptive period. In July 1985, appellant appealed the rating board's decision to the BVA.

On March 11, 1986, the Board remanded appellant's claim for the VARO to obtain appellant's treatment records from the Adams County Mental Health Center. The VARO confirmed the denial of appellant's claim in December 1986. In June 1987, the BVA granted appellant service connection for schizophrenia. He was subsequently assigned a 100% disability rating for schizophrenia with an effective date of November 8, 1984. On January 14, 1988, appellant submitted a Notice of Disagreement claiming that he should have been granted an earlier effective date. On April 5, 1989, the Board determined that appellant had not applied for service connection for schizophrenia until November 8, 1984, and was not entitled to an earlier effective date. Moreover, the Board noted that the records from appellant's hospitalization at the Denver VAMC in 1981 were not a part of appellant's claim until they were submitted in November 1984.

Thereafter, appellant claimed that the 1981 rating decision was based on "clear and unmistakable error." On November 27, 1990, the Board found that the 1981 rating decision was not based on "clear and unmistakable error," and that appellant was not entitled to an earlier effective date. On June 25, 1991, appellant submitted "new" evidence seeking reopening of his claim. Another adverse decision was made by the VARO and on October 10, 1991, the BVA determined that "new and material" evidence had not been submitted since the April 1989 and November 1990 Board decisions, and, therefore that these adjudications were final. The 1991 BVA decision did not readjudicate the claim of "clear and unmistakable error" that had been decided in the November 1990 decision.

## ANALYSIS

Essentially, appellant argues that he is entitled to an earlier effective date because the 1981 rating decision was based on "clear and unmistakable error" arising from the 1981 rating board's failure to consider a VA record of an earlier psychotic episode. This Court may not review the 1981 rating decision. Our jurisdiction is limited to a review of BVA decisions to which a timely Notice of Disagreement and Notice of Appeal has been filed. "The necessary jurisdictional 'hook' for this Court to act is a decision of the BVA on the specific issue of 'clear and unmistakable error.'" *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (consolidated with *Collins v. Principi*, No. 90–416) (en banc). In 1990, the Board considered whether the 1981 rating decision was based on "clear and unmistakable error" because of the failure of the adjudicator to consider the 1981 hospitalization. It concluded there was no such error. This Court cannot review that decision because it was not appealed. The 1991 BVA decision in which the only issue was whether appellant had submitted "new and material" evidence to reopen his claim is the only Board decision before the Court for review. The Court established in *Russell*:

> There *is* finality in veterans' benefits jurisprudence.... Once there is a final decision on the issue of "clear and unmistakable error" because the AOJ [agency of original jurisdiction] decision was not timely appealed, or because a BVA decision not to revise or amend was not appealed to this Court, or because this Court has rendered a decision on the issue in that particular case, that particular claim of "clear and unmistakable error" may not be raised again.... It is *res judicata.*

3 Vet.App. at 315. (citations omitted).

Thus under the circumstances of this case, the Board, in the 1991 decision, had no obligation to readjudicate the appellant's claim of "clear and unmistakable error." *Id.* "[T]he agency's refusal to go back over ploughed ground is nonreviewable." *Id.* (citing *I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284, 107 S.Ct. 2360, 2368, 96 L.Ed.2d 222 (1987)). The issue of "clear and unmistakable error" was not at issue in the 1991 decision, and, therefore, cannot be considered by the Court. The decision the Board did make,

i.e., that no "new and material" evidence was presented, was correct in law and fact.

The BVA decision of October 10, 1991, is AFFIRMED.